UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DAVID J. LOIACANO**                                               **CIVIL ACTION**

**VERSUS**                                                          **NO. 14-1750**

**DISA GLOBAL SOLUTIONS, INC.**                                     **SECTION B(4)**
**d/b/a LENNOX HEALTHCARE MRO**
**SERVICES, PSYCHEMEDICS CORPORATION,**
**AND NSUELA R. MUKANA, M.D.**

ORDER AND REASONS

Before the Court are Defendant, Nsuela R. Mukana's Rule 12(b)(2) and Rule 12(b)(6) Motions to Dismiss. (Rec. Doc. No. 10). Plaintiff has filed an opposition to the motions to dismiss. (Rec. Doc. No. 12). For the reasons enumerated below,

**IT IS ORDERED** that Defendant's Motions to Dismiss for Lack of Personal Jurisdiction under Rule 12(b)(2) and for Failure to State a Claim under Rule 12(b)(6) are **GRANTED**.

**Cause of Action**

Plaintiff, David J. Loiacano filed the instant suit against DISA Global Solutions, Psychemedics Corporation, and Nsuela R. Mukana, M.D., on August 1, 2014.[1] Loiacano, a Louisiana resident, claims subject-matter jurisdiction is proper pursuant to 28 U.S.C. Section 1332.

---

[1] DISA Global Solutions, d/b/a Lennox Healthcare MRO Services, is a Delaware company authorized to do and in fact doing business in the Parish of St. Charles, Louisiana. Psychemedics Corporations is a Delaware company authorized to do and in fact doing business in the Parish of St. Charles, Louisiana.

1

Plaintiff claims that, as a result of the unreasonable and unreliable performance of a drug screening performed by the Defendants, he was terminated by his Louisiana employer of 18 years. Plaintiff seeks loss of earnings, loss of insurance and retirement benefits, and damages for mental suffering and anguish.

Dr. Mukana ("Defendant") is a licensed medical doctor in Texas, and an agent and/or independent contractor of DISA Global Solutions. Plaintiff claims his drug screening was adversely affected by legal medications, and that the Defendant, the medical review officer, who called twice to discuss the test results, acted negligently in failing to review or obtain his medical history, thereby contributing to his termination.

**Law and Analysis**

**I. Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction**

A district court sitting in diversity may exercise personal jurisdiction only to the extent permitted a state court under applicable state law. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997). Further, a federal court may only exercise personal jurisdiction over a nonresident defendant if the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). A district court may assert either

2

general or specific jurisdiction over a party. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867-68 (5th Cir. 2001).

    a. General Jurisdiction

General jurisdiction is established where the defendant has "continuous and systematic" contacts with the forum state. *Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colo.*, 615 F.3d 364, 368 (5th Cir. 2010). To show the type of "continuous and systematic" contact required for general jurisdiction, a plaintiff must demonstrate contacts of a more extensive quality...and must be substantial." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d, 602, 609 (5th Cir. 2008).

Plaintiff does not challenge the following: (1) Defendant is a resident and citizen of Missouri City, Fort Bend County, Texas, (2) Defendant does not practice medicine in Louisiana, (3) Defendant is licensed to practice medicine in Texas, (4) Defendant does not maintain an office or a place of business in Louisiana and does not have any employees or agents within Louisiana, (5) Defendant does not own real property in Louisiana, and (6) Defendant does not manufacture, sell or distribute products in Louisiana. (Rec. Doc. No. 10-2 at 1-2; Rec. Doc. No. 12 at 2).[2]

---

[2] Defendant does not have a contract or other business relation with, and does not work for or on behalf of Plaintiff's former employer. (Rec. Doc. No. 10-2 at 2).

3

Defendant's contacts with the forum consist of two phone calls to Plaintiff's Louisiana phone number. This limited contact is insufficient to establish that Defendant maintained "continuous and systematic" contact with Louisiana. *See Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colo.,* 615 F.3d at 368 (finding general jurisdiction lacking where insurer owned no offices, property, or accounts in Louisiana, but made intermittent payments to Louisiana plaintiff); *see also Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376 (5th Cir. 2003)(finding general jurisdiction lacking where defendant company arranged and received shipments and sent salesmen to the forum state). This Court lacks general jurisdiction over this Defendant, which Plaintiff appears to concede. (Rec. Doc. No. 12 at 2).

b. Specific Jurisdiction

Specific jurisdiction may be established where the defendant lacks "continuous and systematic" contacts but has instead some minimum contacts that establish (1) the defendant has "purposefully directed his activities at residents of the forum," and (2) that the plaintiff's alleged injury "arise[s] out of or relate[s]" to the defendant's contacts with the forum state. *Clemens v. McNamee*, 615 F.3d 374, 378-79 (5th Cir. 2010) (*quoting Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

There must be a sufficient nexus between the defendant's minimum contacts and the plaintiff's alleged injury. *Id*. at 379.

The Louisiana long-arm statute, 13:3201 *et. seq.*, is intended to provide Louisiana residents with maximum protection in Louisiana courts, consistent with constitutional due process requirements, from damage occasioned by acts of a nonresident when the nonresident has minimal contacts with Louisiana. *Mayeux v. Hughes*, 333 So.2d 273, 274 (La. App. 1 Cir. 5/24/76). As the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the sole inquiry into personal jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. *See Luv N'Care v. Insta-Mix, Inc*., 438 F.3d 465, 469 (5th Cir. 2006).

Procedurally, the party invoking the jurisdiction of a federal court bears the burden of establishing minimum contacts justifying the court's jurisdiction over a nonresident defendant. *Guidry v. U.S. Tobacco Co., Inc.,* 188 F.3d 619, 625 (5th Cir. 1999). If a plaintiff establishes minimum contacts between the defendant and the forum state, the burden of proof shifts to the defendant to show that the assertion of jurisdiction is unfair and unreasonable. *Cent. Freight Lines Inc. v. APA Transp. Corp*., 322 F.3d at 384.

In sum, a court may exercise specific jurisdiction over a defendant who has minimum contacts with the forum state if

5

maintaining the suit would not "offend traditional notions of fair play and substantial justice." See *Luv N'Care v. Insta-Mix, Inc.*, 438 F.3d at 469 (*citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

### Contacts of Defendant Mukana

The minimum contacts test is satisfied by a single act or actions by which the defendant purposefully avails herself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Tsaoussidis v. State Farm Mut. Auto. Ins. Co.*, 28 So.3d 311, 315 (5th Cir. 2009). The defendant's purposeful availment cannot be random or fortuitous and must be such that the defendant should reasonably anticipate being haled into court in the forum state. *Id*. Once minimum contacts are established, a court must then analyze the quality and nature of contacts to determine whether exercise is reasonable. *Bryers v. Edmondson*, 807 So.2d 283 (La. App. 1 Cir. 11/9/01).

Plaintiff alleges that the Defendant initiated two calls to his Louisiana phone number, and that her negligence in reviewing his medical background over the phone contributed to his termination, because a review would have revealed use of legal medications that influenced the test results that served as basis for termination. Although Plaintiff is not alleging that the Defendant reported the results to the Louisiana employer, it

6

is clear that a nexus has been established between the alleged injury and the Defendant's contacts with the forum. Of consequence however, is whether the contacts suffice, and the Plaintiff seeks to have this Court assert specific jurisdiction on the basis of the Defendant's phone calls.

Several Fifth Circuit cases are factually similar to this case. In *Wien Air Alaksa, Inc. v. Brandt*, 195 F.3d 208 (5th Cir. 1999), it was held that various phone calls made by the defendant were sufficient to establish specific jurisdiction, because the single act contained and gave rise to the intentional tort cause of action, fraudulent misrepresentation. *Id*. at 211. In *Lewis v. Fresne*, 252 F.3d 352, 358-59 (5th Cir. 2001), a case also involving fraudulent misrepresentation, the court again held that "a single act by a defendant can be enough to confer specific jurisdiction if that act gives rise to the claim being asserted." *Cf. Rossi v. Wohl*, No. 06-10923, 246 Fed. Appx. 856, 859 (5th Cir. 2007)(finding defendants had minimum contacts in an action for breach of fiduciary duty based on misrepresentations).

This foregoing standard was recently applied in *Hoffman v. Bailey*, 996 F.Supp.2d 477, 484 (E.D. La. 2014), where the court found the defendant had sufficient minimum contacts for the court to exercise specific jurisdiction because the contents of an email sent by the nonresident defendant gave rise to a

7

defamation claim. The court found that the single act giving rise to an intentional tort constituted purposeful availment. *Id*. at 484.

This Court distinguishes the present case from those conferring personal jurisdiction because Plaintiff does not allege that Defendant's acts and communications give rise to an intentional tort, but rather Plaintiff alleges negligence. In *Wien Air Alaska v. Brandt*, the court made clear that a finding, on the basis of a communication, that a nonresident defendant *purposefully* availed herself of the benefits and protections of the forum state, turns upon whether the communication gives rise to an *intentional* tort cause of action. 195 F.3d at 213 (emphasis added). This was underscored by the Fifth Circuit in *Lewis v. Fresne*, where the court acknowledged cases where mere communications were not enough to subject a non-resident defendant to the forum state's jurisdiction, and then stated "[T]hese cases did not, however, involve an intentional tort." 252 F.3d at 359.

While the exercise of personal jurisdiction could otherwise be reasonable in regard to the nature and quality of the communications in light of the claims asserted, because the Defendant's communications do not give rise to an intentional tort cause of action, this Court cannot find that the Defendant purposefully availed herself of the forum to support this

8

Court's exercise of specific jurisdiction over the nonresident Defendant.

Arguably, Defendant could foresee that negligently performed drug screenings could result in wrongful employment terminations in the forum; however, foreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum. *Wein Air Alaska v. Brandt*, 195 F.3d at 212. Consistently, the Fifth Circuit has held that "mere foreseeability or awareness is a constitutionally sufficient basis for personal jurisdiction *if* the defendant's product made its way into the forum state while still in the stream of commerce." *Luv N'Care v. Insta-Mix, Inc.*, 438 F.3d at 470 (*citing Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). However, this case is not one where the Defendant has placed a product into a stream of commerce that led to Louisiana. Plaintiff does not allege, and Defendant in fact denies, that Defendant conducted the drug screening and/or reported the results to the Louisiana employer. (Rec Doc. No. 12 at 9; Rec. Doc. No. 10-2 at 3).

As Plaintiff has not met the burden in establishing a *prima facie* case for this Court's exercise of either general or specific jurisdiction, this Court finds personal jurisdiction lacking.

9

## II. Rule 12(b)(6) Motion to Dismiss for Failure to State a Negligence Claim

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. **(1)** The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (*citing Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation. **(2)** After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949.

Rule 8 delineates the wide-range type of pleading allowed and the construction to be given to such pleadings. All the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests. *Banco Continental v. Curtiss Nat. Bank of Miami Springs*, 406 F.2d 510, 513 (5th Cir. 1969). Thus, a motion to dismiss for failure to state a

10

claim should not be granted, especially where issues of negligence are involved, *unless it appears to a certainty that plaintiff would be entitled to no relief under any state of facts*. *Id.* at 510.

The Louisiana Supreme Court has noted that under Louisiana Civil Code articles 2315 and 2316— the general negligence articles— the elements of a cause of action are fault, causation, and damage. To determine whether liability exists under the facts of a particular case, the supreme court has adopted a duty-risk analysis. *Paul v. Louisiana State Employees' Group Ben. Program*, 62 So.2d 136, 9 (La. App. 1 Cir. 5/12/00). Under this analysis, the plaintiff must establish that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached. *Id.* at 5.

Plaintiff is alleging that Defendant "participated in a material way in the review of this drug screen and failed to act reasonably in her participation in so much as she was the medical review officer responsible for the accuracy and correctness of the results as they eventually are reported." (Rec. Doc. No. 12 at 9). But for the false report to his

employer, Plaintiff claims, he would not have been terminated. (Rec. Doc. No. 1 at 5).

While Plaintiff is permitted latitude in pleading negligence, Plaintiff's allegations are to be tested for sufficiency. Plaintiff does not allege that Defendant performed the inaccurate test, nor does Plaintiff allege that Defendant reported the inaccurate result. If Defendant's conduct is separate and apart from the testing and the subsequent reporting at issue here, Defendant could not have owed Plaintiff a duty to act reasonably with respect to those acts. Essentially, what Plaintiff is alleging is that Defendant failed to rectify, which also raises an issue of causation.[3] What Plaintiff characterizes as negligence are Defendant's omissions after the test was conducted and had already been reported to his employer. If Defendant's conduct was neither the cause-in-fact of the test being performed inaccurately, nor the result being reported, this Court fails to see how Defendant's conduct would constitute the cause-in-fact of Plaintiff's termination. Under these facts, Plaintiff would not be entitled to relief against this particular Defendant.

---

[3] In the Complaint, Plaintiff states as fact that Defendant called him in regard to the results and that he needed to speak with his employer's Human Resources department in that regard.

12

**Conclusion**

Accordingly, and for the reasons enumerated above,

**IT IS ORDERED** that Defendant's Motions to Dismiss are Granted.


New Orleans, Louisiana, this 16th day of September, 2014.

_____
UNITED STATES DISTRICT JUDGE