```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

**DAVID J. LOIACANO**                                              **CIVIL ACTION**

**VERSUS**                                                         **NO. 14-1750**

**DISA GLOBAL SOLUTIONS, ET AL.**                                  **SECTION "B"(2)**

                            ORDER AND REASONS

Before the Court is DISA Global Solutions, Inc.'s ("DISA") "Motion to Fix Attorneys' Fees." Rec. Doc. 96. Plaintiff David Loiacano ("Loiacano" or "Plaintiff") filed a timely opposition memorandum. Rec. Doc. 99. For the reasons outlined below,

**IT IS ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

I.   **PROCEDURAL HISTORY**

This cases arose out of a failed drug test by Loiacano. This Court has detailed the factual background of this case numerous times and need not do so again for the purposes of this motion. The present motion derives from an October 1, 2015 order of this Court in which Plaintiff was ordered to face sanctions for causing an unjustified delay. Rec. Doc. 68. Defendants were ordered to submit affidavits and supporting documentation enumerating their costs and fees related to the delay. *Id.* This Court already resolved Psychemedics Corporation's motion to fix attorney's fees,

awarding $4,284 in fees plus costs in relation to the unwarranted extension request.[1] Rec. Doc. 87 at 4-5.

With respect to DISA, this Court granted DISA's motion for summary judgment on November 23, 2015, dismissing all claims against it. On March 7, 2016, Plaintiff appealed that Order and Reasons after its motion for reconsideration was denied. That appeal is still pending. Subsequently, almost four months after its motion for summary judgment was granted, DISA filed its motion for attorneys' fees related to Plaintiff's earlier delay.

## II.   THE PARTIES' CONTENTIONS

DISA seeks $37,165 in attorney's fees for the work completed by three attorneys and one paralegal incurred "in attempts to prevent further delay, wasting of resources, and prejudice by responding to Plaintiff's multiple requests for delay and continuance and the instant Motion to Fix Attorney's Fees." Rec. Doc. 96-1 at 3-4. This total amount of fees sought is based upon the following attorney and paralegal hours and rates: Holly Williamson, partner—14.8 hours at $630 per hour; Michael Reed, associate—40.5 hours at $347 per hour; George Robinson, partner—20.9 hours at $435 per hour; and Heather Vice, paralegal—0.4 hours at $150 per hour. Rec. Doc. 96-4 at 2. Those hours cover services

---

[1] This Court made clear in that Order and Reasons that only one of Plaintiff's extension requests was unwarranted so as to justify the awarding of fees and costs. The Court thus denied Psychemedics's request for fees related to the other extension requests.

2

rendered by DISA's counsel beginning on August 13, 2016 in response to Plaintiff's first request for extension of deadlines. *Id.* at 3.

In opposition, Plaintiff first contends that DISA's request is overly broad because it seeks fees for work not related to the single extension request deemed unwarranted by this Court. Rec. Doc. 99 at 2. Plaintiff argues that only the time entries from September 22, 2015 until October 1, 2015 are justified, because they are the only ones related to the delay at issue here. *Id*. at 3. Finally, Plaintiff argues that the attorney fee rates sought by DISA are excessive. *Id*. at 3-4. He claims that a reasonable rate for Robinson and Williams is $350 per hour, while a reasonable rate for Reed is $205 per hour. Plaintiff does not challenge the paralegal rate requested by DISA.

### III.  LAW AND ANALYSIS

The Fifth Circuit uses the lodestar method for determining a reasonable amount of attorney's fees. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). Under that method, the reasonable number of hours spent on the case is multiplied by an appropriate hourly rate in the community for such work. *Id*. In considering Psychemedics's motion to fix attorney's fees, this Court accepted $325 per hour as a reasonable rate for a partner working on this type of case in this community and $205 per hour as a reasonable rate for an associate. *See* Rec. Doc. 87.

Plaintiff here is even willing to consent to $350 as a reasonable rate for a partner doing this type of work. Rec. Doc. 99 at 3. Accordingly, this Court finds the following rates as reasonable under the lodestar method: $350 per hour for partner work; $205 per hour for associate work; and $150 per hour for paralegal work.

The next issue is whether the hours sought by DISA are reasonable. They are not. DISA seeks an award of attorneys' fees for work done in response to extension requests that this Court has already deemed minimally sufficient to avoid sanctions. Rec. Doc. 87 at 4-5. Thus, this Court will only award fees deriving from the second motion for an extension, which Plaintiff acknowledges as the work completed between September 22, 2015 and October 1, 2015.[2] Based on the reasonable fee rates and reasonable hours discussed above, the Court finds that DISA is owed $5,431.00 in attorneys' fees plus court costs. This award is consistent with the award received by Psychemedics as well as this Court's prior orders.

---

[2] Those reasonable hours include 5.2 hours for Michael Reed, 2.6 hours for Holly Williamson, 9.7 hours for George Robinson, and 0.4 hours for Heather Vice. *See* Rec. Doc. 96-4. Further, the Court rejects Plaintiff's argument that the Court should not award the requested fees for the six hours taken by Mr. Robinson to drive to New Orleans from Lafayette and back. But for Plaintiff's unwarranted extension request filed at the last minute before the pre-trial conference, Robinson would not have had to spend his time driving from Lafayette to New Orleans and back when he could have been working on other matters. Moreover, the Court will not second guess the amount of time Robinson claims it took him to make those trips.

**IV.   CONCLUSION**

For the reasons outlined above,

   **IT IS ORDERED** that the motion is **GRANTED** in part and **DENIED** in part—granting an award of attorneys' fees but at a lesser amount than that requested.

   New Orleans, Louisiana, this 18th day of May, 2016.

                              _____
                              UNITED STATES DISTRICT JUDGE